DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant George Barner has appealed his conviction from the Wadsworth Municipal Court for failure to drive within a marked lane, in violation of R.C. 4511.33(A). We reverse.
 I {¶ 2} On May 29, 2003 Appellant was issued a citation by Ohio State Highway Patrol Officer Gary McKenna ("Officer McKenna") for failure to drive within a marked lane of traffic, in violation of R.C. 4511.33(A), and driving a vehicle with an axle load in excess of statutory limits, in violation of R.C. 5577.04. A one day bench trial was held on December 18, 2003, at which time the State moved to dismiss the violation of R.C. 5577.04. The motion was granted by the trial court, and the bench trial proceeded on the single charge of failure to drive within a marked lane of traffic. Appellant was found guilty of the charge. He was sentenced to pay a $25 fine and assessed two points against his driver's license.
 {¶ 3} Appellant has timely appealed the trial court's decision, asserting one assignment of error.
 II Assignment of Error Number One
"The judgment of conviction under the facts of this case was against the manifest weight of the evidence and must be reversed."
 {¶ 4} In his sole assignment of error, Appellant has argued that his conviction for failure to drive within a marked lane of traffic was against the manifest weight of the evidence. Specifically, he has argued that the State failed to present any evidence that he violated all of the essential elements of the statute under which he was charged. We agree.
 {¶ 5} In reviewing whether a conviction is against the manifest weight of the evidence, this Court must:
"[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340.
 {¶ 6} Weight of the evidence concerns the tendency of a greater amount of credible evidence to support one side of the issue more than the other. State v. Thompkins (1997),78 Ohio St.3d 380, 387. Further, when reversing a conviction on the basis that it was against the manifest weight of the evidence, an appellate court sits as a "thirteenth juror," and disagrees with the fact finder's resolution of the conflicting testimony. Id.
 {¶ 7} Appellant was charged with one violation of R.C.4511.33, which states that:
"(A) A vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety." R.C. 4511.33(A). {¶ 8} In support of his argument that his conviction is against the manifest weight of the evidence, Appellant has argued that the State failed to present any evidence that he moved from his lane of traffic without first ascertaining that such movement could be done with safety. In response, the State has argued that the decision of the trial court judge was support by the evidence.
 {¶ 9} As an initial matter, this Court notes that at trial, Appellant did not challenge the sufficiency of the evidence presented by the State. As a result, he has waived any claim that his conviction was based on insufficient evidence. State v.Pruitt, 9th Dist. No. 21889, 2004-Ohio-4321, at ¶ 25. Therefore, this Court must presume that Appellant's conviction is based on sufficient evidence.
 {¶ 10} Our review of the testimony presented at trial reveals that Officer McKenna testified for the State. He testified to the following. He observed Appellant driving westbound on Interstate 76 in Wadsworth, Ohio, on the afternoon of May 29, 2003. The section of Interstate 76 where Appellant was driving consists of two eastbound and two westbound lanes of traffic. While Appellant was driving his truck in the far right lane of traffic, Officer McKenna saw the truck cross the outside white lane marker, commonly referred to as the fog line, on three occasions. Each of these occasions occurred for brief periods. Officer McKenna was the only motorist driving on the highway behind Appellant at the time of Appellant's alleged driving infractions.
 {¶ 11} Larry Swain ("Swain") testified to the following for the defense. He has been a professional truck driver for eighteen years and traveled the portion of Interstate 76 in question on numerous occasions in May of 2003. There were numerous potholes, divots, and rough spots on the stretch of highway where Appellant allegedly crossed over the fog line. Driving directly over the potholes and rough spots of the highway can cause serious damage to a truck. Therefore, "most" commercial truck drivers who travel this particular stretch of road straddle the rough spots or drift to one side in order to avoid the potholes and the rough spots.
 {¶ 12} Appellant testified in his own defense and testified to the following. He was driving in the right hand lane of traffic on Interstate 76 in Wadsworth, Ohio, on May 29, 2003 when he noticed Officer McKenna monitoring traffic from the center portion of the highway. Officer McKenna pulled out from the center portion of the highway and began to follow Appellant. Appellant came upon a pothole in the highway, and briefly drifted to the right in order to avoid hitting the pothole; he never crossed the fog line. He avoided the pothole because he was the owner/operator of the truck he was operating and feared that hitting the pothole would cause costly damage to his truck that he would have to pay for personally.
 {¶ 13} Soon after drifting back to the center of the right hand lane of traffic, Appellant realized that he could no longer see Officer McKenna in his rear view mirrors. In order to change the view in his rear view mirrors and determine whether or not Officer McKenna was still behind him, Appellant again drifted to the right directly on to the fog line. Once he drifted to the right, he was able to see Officer McKenna following directly and closely behind him with the patrol car's overhead lights flashing. Appellant pulled off the highway on to the berm and Officer McKenna issued Appellant a citation for, among other things, traveling outside of his lane of traffic.
 {¶ 14} It is clear from a plain reading of the statute that in order to sustain a conviction pursuant to R.C. 4511.33(A), the State must put forth evidence that the driver of a vehicle moving either between lanes of traffic or completely out of a lane of traffic failed to ascertain the safety of such movement prior to making the movement. See R.C. 4511.33(A). In the case at bar, the State never asked its own witness, Officer McKenna, if he witnessed Appellant leave his lane of traffic without first ascertaining whether or not such movement could be done with safety. Furthermore, the State also never asked Appellant if he left his lane of traffic without first ascertaining whether or not such movement could be done with safety. As a result, the record is devoid of any evidence that Appellant left his lane of traffic without first ascertaining whether or not such movement could be done with safety.
 {¶ 15} Because there was no evidence presented on an essential element of the offense, the trial court had no evidence to weigh on this element of the offense when determining whether or not Appellant was guilty of failure to drive within a marked lane. It follows that the trial court's decision that Appellant was guilty of failure to drive within a marked lane was against the manifest weight of the evidence and constituted a manifest miscarriage of justice. Appellant's sole assignment of error has merit.
 III {¶ 16} Appellant's sole assignment of error is sustained. The judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, J., Batchelder, J., concur.